IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARRELL GOODLEY,<br>            Plaintiff<br><br>vs.<br><br>SUPERINTENDANT LOUIS S. FOLINO,<br>SUPERINTENDENT OF SCI GREENE;<br>PRISON HEALTH SERVICES, INC.;<br>STANLEY E. FALOR, M.D.; BYUNCHAK<br>JIN, M.D.; HOWARD DIGGS, PA-C;<br>DEBRA GRESS, CRNP; NEDRA<br>WENDELL, RN; RONALD J. LEDWICH,<br>RN; PENNSYLVANIA DEPARTMENT OF<br>CORRECTIONS,<br>            Defendants | Civil Action No. 08-1290<br>Chief Magistrate Judge Amy Reynolds Hay<br><br><br><br><br><br><br><br>Re: Doc. 27 |

MEMORANDUM OPINION

HAY, Chief Magistrate Judge

Darrell Goodley ("Plaintiff"), an inmate in the custody of the Pennsylvania Department of Corrections, commenced this case pursuant to 42 U.S.C. § 1983, alleging that he suffered an Eighth Amendment violation when he received inadequate medical care at SCI-Greene in 2006. Presently before the Court is the motion to dismiss (Doc. 27) filed by Defendants Prison Health Services, Inc., Stanley E. Falor, M.D., Byunchak Jin, M.D., Michelle Howard-Diggs, PA, and Debra Gress, CRNP (collectively the "Medical Defendants"). For the reasons that follow, the motion will be granted.

Background

On February 12, 2006, while incarcerated at SCI-Greene, Plaintiff slipped on the floor in the prison's kitchen and lost his balance, causing his right arm to become submerged in a large

pot of boiling water. (Doc. 6 at ¶ 22). Plaintiff was taken to the infirmary and examined by Dr. Falor, who diagnosed second degree burns. (Id. at ¶ 27). Plaintiff was given a shot for pain and his arm was cleansed and bandaged. (Id.) While in the infirmary, Plaintiff apparently continued to complain of pain to Dr. Falor, who gave Plaintiff Tylenol #3. (Id. at ¶ 28).

Plaintiff was discharged from the infirmary the next day, at which time Dr. Jin prescribed ibuprofen tablets (30) and instructed Plaintiff to return every day to have his bandages changed. (Id. at ¶30; Grievance 145554 (Doc. 36-2 at 14)). On February 15, 2006, Dr. Jin prescribed a three-day regimen of Ultram[1] for Plaintiff's pain. (Id. at 15).

The next day, Plaintiff complained to the nurse who was changing his bandages that he was still in pain and that his wound had become infected. (Id. at 15). The following day, i.e., February 17, 2006, Plaintiff again complained of pain to Dr. Jin and requested stronger pain medication. (Id.) Dr. Jin denied Plaintiff's request for stronger pain medication but ordered 4 antibiotic injections. (Id.). As Plaintiff was leaving the treatment area, he complained about his pain to Dr. Fowler, who then prescribed Vicodin for Plaintiff's pain. (Id.).

Plaintiff filed two grievances in this matter.[2] In Grievance 144141, Plaintiff asserted that he was denied proper treatment on the date of the accident in that Dr. Falor misdiagnosed Plaintiff's burns as second degree when they were, in Plaintiff's opinion, third degree burns, and

---

[1] "Ultram is a narcotic-like pain reliever. Ultram is used to treat moderate to severe pain. Ultram extended-release is used to treat moderate to severe chronic pain when treatment is needed around the clock." http://www.drugs.com/ultram.html

[2] Plaintiff included with his Response in opposition to the instant motion some but not all of the documents pertaining to his two grievances. (See Doc. 30 at Ex. B-F and Doc. 33). However, the remaining documents for both grievances were provided by the Department of Corrections Defendants in connection with their motion to dismiss, see Doc. 36-2, which Plaintiff did not contest. (See Doc. 39).

Dr. Falor refused to send Plaintiff to an outside physician who specialized in the treatment of third degree burns.[3]  (Doc. 33 at p.2).

In Grievance 145554, Plaintiff claimed that he was denied proper medical care inasmuch as Dr. Jin refused to prescribe an antibiotic and pain medication stronger than ibuprofen at the time of Plaintiff's discharge from the infirmary on February 13, 2006, and refused Plaintiff's request for stronger pain medication on February 17, 2006, which Dr. Falor ordered moments later. (Doc. 36-2).[4]

Plaintiff alleges in his Amended Complaint that "[o]n and after February 12, 2006" he made frequent and repeated requests to the Defendants herein for medical treatment and care of his arm, ongoing severe pain and worsening injuries.  (Doc. 6 at ¶ 31).  He asserts that his requests were denied for no justifiable reason and that he suffered severe pain, mental anguish, scarring and disfigurement as a result.  (Id. at ¶¶ 31-32).

C.       Standard of Review

As the United States Supreme Court recently held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544  (2007), a complaint may properly be dismissed pursuant to Fed. R. Civ. P. 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at 570

---

[3] It appears, however, that Plaintiff has abandoned this claim inasmuch as he alleges in his Amended Complaint that, in fact, he suffered *second* degree burns.  (Doc. 6 at ¶ 22).

[4] Plaintiff alleges in his Amended Complaint that he asked Dr. Jin for a referral to an outside specialist, which Dr. Jin denied.  (Doc. 6 at ¶ 29).  This allegation is *not* found in either grievance.  (See Doc. 33 and Doc. 36-2 at 14-15).  Notwithstanding this apparent failure to exhaust, see Fortune v. Bitner, Civil No. 3:CV-01-0111 2006 WL 2796158, at *9 (M.D.Pa. Sept. 25, 2006)(exhaustion requires that the inmate provide fair notice of his claim, alleging specific acts of mistreatment or misconduct and identifying the responsible party or parties), the Court will address Plaintiff's claim without regard to which particular physician was asked and refused to refer Plaintiff to a specialist since the identity of the doctor is not essential to the discussion.

3

(rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Under this standard, the Court must, as a general rule, accept as true all factual allegations of the complaint and all reasonable inferences must be viewed in the light most favorable to plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). Nevertheless, under the 12(b)(6) standard, a "court need not . . . accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001), amended by, 275 F.3d 1187 (9th Cir. 2001). Nor must the Court accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the Court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 554 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

In addition to the complaint, courts may consider matters of public record and other matters of which a court may take judicial notice, court orders, and exhibits attached to the complaint when adjudicating a motion to dismiss under Rule 12(b)(6). Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994). In addition, the Court of Appeals in Spruill v. Gillis, 372 F.3d 218, 223 (3d Cir. 2004), held that a "defendant may submit an indisputably authentic [document] to the court to be considered on a motion to dismiss[.]"

The question to be resolved is: whether, taking the factual allegations of the complaint, which are not contradicted by the indisputably authentic exhibits and matters of which judicial notice may be had, and taking all reasonable inferences to be drawn from those uncontradicted factual allegations of the complaint, are the "factual allegations . . . enough to raise a right to

4

relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact[.]" Twombly, 550 U.S. at 555-556. Or put another way, a complaint may be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

  D. Discussion

The Eighth Amendment requires prisons to provide inmates with adequate care for their medical needs. Estelle v. Gamble, 429 U.S. 97, 103 (1976). Eighth Amendment liability attaches only where there is deliberate indifference to an inmate's serious medical needs. Id. at 104 ("[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' Gregg v. Georgia, supra, at 173, 96 S.Ct. at 2925 (joint opinion), proscribed by the Eighth Amendment.").

Analysis of a violation of the Eighth Amendment involves a two pronged inquiry: (1) an objective inquiry into the qualitative nature of the harm suffered by the victim of the alleged punishment and (2) a "subjective inquiry" into the mind of the person inflicting the harm. See Wilson v. Seiter, 501 U.S. 294 (1991). The Court of Appeals for the Third Circuit has explained the objective element as requiring proof that "the deprivation was sufficiently serious to fall within the Eighth Amendment's zone of protections. . . . If not our inquiry is at an end." Fuentes v. Wagner, 206 F.3d 335, 344 (3d Cir. 2000). The subjective prong of an Eighth Amendment "deliberate indifference" claim is met when a prison "official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the

inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).   Plaintiff bears the burden to prove, by competent evidence, both the subjective and the objective components of the Eighth Amendment.  Comstock v. McCrary, 273 F.3d 693, 703 (6th Cir. 2001);  Newland v. Achute, 932 F.Supp. 529, 532 (S.D.N.Y. 1996);  Pasha v. Barry, No. Civ. A. 96-466, 1996 WL 365408, at *1 (D.D.C. June 21, 1996).

The Supreme Court cautioned in Estelle that "not ... every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment."  429 U.S. at 105.  Mere negligence by physicians in treating prisoners is not sufficient to state an Eighth Amendment violation.  Id. at 105-06.  The Supreme Court has held that

> in the medical context, an inadvertent failure to provide adequate medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind." Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment.

Id.  Further, an inmate's disagreement with the course of treatment taken by a physician does not constitute deliberate indifference.  White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990)(citations omitted).  Accord Young v. Quinlan, 960 F.2d 351, 358 n.18 (3d Cir. 1992)(an inmate's disagreement with prison personnel over the exercise of medical judgment does not state a claim for relief under Section 1983), *superseded by statute on other grounds as stated in* Ghana v. Holland, 226 F.3d 175, 184 (3d Cir. 2000).

The Medical Defendants suggest that, at most, Plaintiff's Amended Complaint states a claim for professional negligence.  See Doc. 28 at 4-5.  The Court agrees.

The heart of Plaintiff's Amended Complaint is his disagreement with the course of treatment taken by Drs. Falor and Jin.  Plaintiff specifically challenges the pain control regimen prescribed by these physicians, the medical decision not to prescribe antibiotics as a precautionary measure, and the medical decision not to refer Plaintiff to a burn specialist at an outside hospital.  These disagreements, however, simply do not implicate the Eighth Amendment.  Young v. Quinlan, supra.  While an intentional refusal to provide *any* medical treatment to an inmate suffering from a serious medical need manifests deliberate indifference and is actionable under the Eighth Amendment, the Eighth Amendment does not require that a prisoner receive every medical treatment that he requests or that is available elsewhere.  Layne v. Vinzant, 657 F.2d 468, 474 (1st Cir. 1981)(where the dispute is over the adequacy of the medical treatment, federal courts should be reluctant to second guess medical judgments and to constitutionalize claims that sound in state tort law).  A disagreement as to the appropriate choice of medical treatment does not give rise to a constitutional violation because the "right to be free from cruel and unusual punishment does not include the right to the treatment of one's choice." Id. at 473.

Nothing in Plaintiff's Amended Complaint or Response or Grievances persuades the Court that his case rises to anything more than a state law tort of professional negligence.  The language of Plaintiff's Amended Complaint itself suggests a claim that more properly sounds in negligence.  See Doc. 6 at 6-7, ¶ 33 (" The care provided by said defendants herein . . . fell below recognized standards of medical care and was negligent and reckless and in reckless disregard of

the rights of Plaintiff to receive proper, adequate and non-negligent treatment and to be free from cruel and unusual punishment as proscribed by the Eight[h] Amendment.").[5] As well, Plaintiff's grievances are couched in negligence terms. See, e.g., Doc. 36-2 at 19 (Final Appeal on Grievance 145554, wherein Plaintiff asserts that Dr. Jin did not order an antibiotic when Plaintiff requested one, which "any thorough practicing physician" would have ordered as a precautionary measure, and that "no thorough medical physician would have ordered" ibuprofen for a burn victim.). Taken as true, Plaintiff's allegations simply do not suggest the requisite subjective component of an Eighth Amendment violation, nor can such be reasonably inferred.

Plaintiff admits that he received medical care for his injuries immediately following the accident. (Doc. 6 at ¶¶ 29-31). By his own account, Plaintiff's complaints of pain were not ignored since the doctors changed the prescribed pain medication on at least 3 occasions in response to his complaints. Plaintiff's disagreement here is with the strength of the pain medication prescribed over the course of five days. Plaintiff's Amended Complaint also evidences that the physicians treated Plaintiff's burns. Plaintiff disagreement here is with the doctors' unwillingness to send Plaintiff to a specialist of his choice outside the prison and their failure to administer an antibiotic as a precautionary measure. As discussed, a prisoner's disagreement with prison doctors over the exercise of medical judgment simply does not state a claim for relief under Section 1983. Young, supra. Even if Plaintiff were to present evidence that the decisions of Drs. Falor and Jin did not comport with accepted medical standards, such

---

[5] Plaintiff states in conclusory fashion that the doctors' actions were intentional and reckless and, therefore, deliberately indifferent. (Doc. 6 at ¶¶ 32, 33). The Court need not accept this conclusion, however, since Plaintiff's allegations of fact do not support it. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997)).

would provide grounds for a medical malpractice claim, not a civil rights violation.  See White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990)("If the doctor's judgment is ultimately shown to be mistaken, at most what would be proved is medical malpractice, not an Eighth Amendment violation."); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077, 1081 (3d Cir. 1976)("Neglect, carelessness or malpractice is more properly the subject of a tort action in the state courts.").  What a "thorough" medical professional would have done is not the deliberate indifference standard required under the Eighth Amendment but is merely a negligence standard, more appropriate for a state tort action and absolutely falling short of any constitutionally cognizable claim.  See e.g., Farmer v. Brennan, 511 U.S. at 860 (Thomas, J. concurring) ("Petitioner's suggested 'should have known' standard is nothing but a negligence standard").

In summary, viewing the Amended Complaint in a light most favorable to the Plaintiff, it fails to state a claim of deliberate indifference to what were arguably serious medical needs.[6]  For the foregoing reasons, the Medical Defendants' motion to dismiss is properly granted.

An appropriate order follows.

/s/ *Amy Reynolds Hay*
Chief United States Magistrate Judge

Dated: September 2, 2009

cc:   Counsel of Record via CM-ECF

---

[6] The Amended Complaint is properly dismissed as against defendants Diggs and Gress on other grounds as well, that is, failure to exhaust.  Failure to name responsible individuals in grievances constitutes a failure to exhaust and a concomitant procedural default.  Spruill v. Gillis, 372 F.3d 218, 234 (3d Cir. 2004).  Here, Plaintiff did not name Diggs and Gress in either of his two grievances and, more importantly, did not identify any actions on their part with which he took issue.  Accordingly, Plaintiff failed to exhaust his claims against Diggs and Gress.